Craig J. Mariam (Bar No. 225280)
cmariam@grsm.com
Elena A. Kuzminova (Bar No. 303838)
ekuzminova@grsm.com
GORDON REES SCULLY MANSUKHANI, LLP
633 W 5th St, 52nd Floor
Los Angeles, CA 90071
Telephone: (213) 576-5000
Facsimile: (213) 680-4470
Attorneys for Defendant
FATHEAD, LLC

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| SONYA VALENZUELA,<br><br>                    Plaintiff,<br><br>    vs.<br><br>FATHEAD LLC, a Delaware limited liability company d/b/a FATHEAD.COM; and DOES 1 through 10, inclusive,<br><br>                    Defendants. | CASE NO. 2:23-cv-1960<br><br>**DEFENDANT FATHEAD, LLC'S NOTICE OF REMOVAL OF ACTION PURSUANT TO 28 U.S.C. §§ 1332, 1441, and 1446**<br><br>*Removed from the Superior Court of California, Los Angeles County, Case No.* 23STCV02969<br><br>Complaint filed:    02/09/2023 |

Defendant FATHEAD, LLC ("Fathead"), files this Notice of Removal pursuant to 28 U.S.C. §§1332, 1441, and 1446, and in support thereof, Fathead respectfully alleges the following:

## I. COMMENCEMENT AND SERVICE

1. On February 9, 2023, Plaintiff Sonya Valenzuela ("Plaintiff") filed suit against Fathead in the Los Angeles Superior Court, styled *Sonya Valenzuela v. Fathead LLC*, Case No. 23STCV02969 ("Complaint"). (The Complaint, and Summons are attached hereto and marked as Exhibits "1" and "2".)

2. On February 14, 2023, Plaintiff served Fathead with the Complaint. (Service of Process Transmittal Summary is attached hereto and marked as Exhibit "3".) Fathead's deadline to respond to the Complaint is March 16, 2023.

3. This Notice of Removal is timely filed within thirty days of Fathead being served with the Complaint. 28 U.S.C. § 1446(b); *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day removal period runs from proper service under state law).

## II. GROUNDS FOR REMOVAL

### A. Diversity Jurisdiction

4. Fathead is entitled to remove the state court action to this Court pursuant to 28 U.S.C. §§1332, 1441, and 1446, because this action is a civil action involving an amount in controversy exceeding $75,000.00, between parties with complete diversity of citizenship. 28 U.S.C. § 1332(a) (district courts have original jurisdiction where the matter in controversy: (1) exceeds the sum of $75,000.00, exclusive of costs and interest; and (2) is between citizens of different states.)

#### 1. Diversity of Citizenship

5. This is an action between parties with complete diversity of citizenship.

6. Diversity of citizenship exists where the matter in controversy is between citizens of different states. 28 U.S.C. §1332(a).

7. For diversity purposes, a natural person is a "citizen" of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A natural person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kanter v. Warner-Lambert Co.*, 265 F.3d. 853, 857 (9th Cir. 2001).

8. "[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006).

9. Plaintiff is, upon information and belief, a citizen of California. Ex. 1 at ¶ 4.

10. Fathead is, and was at the time Plaintiff commenced this action, a limited liability company organized under Delaware law with its principal place of business in Michigan. Declaration of Taylor Morgan in support of Notice of Removal ("Morgan Decl."), ¶ 3.

11. The sole member of Fathead is Volte Fathead Investors, LLC, which is a limited liability company organized under the laws of the State of Delaware, with its principal place of business in Michigan. Morgan Decl., ¶ 4. Volte Fathead Investors, LLC is a single member limited liability company with a Michigan resident as its sole member. *Id*.

12. The fictitious defendants named in the Complaint as DOES 1 to 10 should be and are disregarded for purposes of assessing diversity of citizenship. *See* 28 U.S.C. § 1441(b)(1). No actual defendants have been substituted in for the fictitious defendants and Fathead is the only defendant that has been named in this case.

13. For all of the foregoing reasons, complete diversity exists as Fathead is a resident of Michigan and Delaware and Plaintiff is a resident of California. Thus, because Plaintiff and Defendant are from different states, complete diversity of citizenship exists, and the first prong of 28 U.S.C. § 1332(a) is satisfied.

### 2. Amount in Controversy

14. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

15. The removing party's initial burden is to "file a notice of removal that includes 'a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195

(9th Cir. 2015) (quoting *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 88 (2014). "By design, § 1446(a) tracks the general pleading requirement stated in Rule 8(a)" which requires only that the grounds for removal be stated in a "short and plain statement." *Dart*, 574 U.S. at 81.

16. Generally, a federal district court will first "consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 690 (9th Cir. 2006) (internal citation omitted). But a defendant may remove a suit to federal court notwithstanding the failure of the plaintiff to plead the required amount. Where the specific amount of damages sought is not alleged in the complaint, defendants seeking removal must prove by a preponderance of the evidence that the amount in controversy prong is satisfied. *See Abrego*, 443 F.3d at 683; *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996); *Gaus v. Miles, Inc.*, 980 F.2d 564, 566-567 (9th Cir. 1992).

17. Defendants may make this showing by demonstrating that it is "facially apparent" from the complaint that the claims more likely than not exceed the amount in controversy, or by setting forth additional facts. *See Singer v. State Farm Mutual Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997); *Luckett v. Delta Airlines, Inc.* (5th Cir. 1999) 171 F.3d 295, 298 (It was "facially apparent" that the claim exceeded $75,000 where plaintiff alleged property damage, travel expenses, an emergency ambulance trip, a six-day stay in the hospital, pain and suffering, humiliation, and temporary inability to do housework after the hospitalization.). "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens,* 574 U.S. 81, 88 (2014). In making this showing the removing party's burden is 'not daunting,' and defendants are not obligated to 'research, state, and prove the

plaintiffs' claims for damages.' " *Behrazfar v. Unisys Corp.,* 687 F. Supp. 2d 999, 1004 (C.D. Cal. 2009).

18. The amount in controversy calculation includes punitive damages. *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001). The amount in controversy also includes reasonable estimates of attorney's fees. *Id.* at 1011; *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700 (9th Cir. 2007); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998).

19. Fathead disputes that it is liable for any damages whatsoever to Plaintiff. Nevertheless, Fathead can demonstrate that the amount in controversy exceeds $75,000 under the "preponderance of the evidence" standard. *See Guglielmino v. McKee Foods Corp.,* 506 F.3d 696, 699 (9th Cir. 2007). The standard requires only that the removing party present evidence that "it is more likely than not" that the amount in controversy is satisfied. *Id.*

20. In the case at bar, Plaintiff seeks both monetary damages and equitable relief. *See* Ex. 1. Plaintiff also seeks attorneys' fees. *Id.* at Prayer for Relief, ¶ 4. Plaintiff seeks damages in connection with Fathead's alleged violations of California Penal Code §§ 631 and 632.7. *Id.* at ¶¶ 29, 37. Plaintiff alleges "[Fathead's] conduct constitutes ***numerous independent*** and discreet violations of Cal. Penal Code § 631(a), entitling Plaintiff to injunctive relief and statutory damages." *Id.* at ¶ 29 (emphasis added). Plaintiff further alleges "[Fathead's] conduct constitutes ***numerous independent*** and discreet violations of Cal. Penal Code § 632.7, entitling Plaintiff to injunctive relief and statutory damages." *Id.* at ¶ 37 (emphasis added). Plaintiff also prays for an award of punitive damages[1]. *Id.* at Prayer for Relief, ¶ 3.

---

[1] Plaintiff also alleges that "if Defendant does not take appropriate steps to fully remedy the harm caused by its wrongful conduct, Plaintiff will file an amended Complaint on behalf of a class of similarly aggrieved consumers." Ex. 1 at ¶ 23.

21. Each violation of California Penal Code § 631 "is punishable by a fine not exceeding two thousand five hundred dollars ($2,500)." Cal. Pen. Code § 631(a). Similarly, each violation of California Penal Code § 632.7 "is punishable by a fine not exceeding two thousand five hundred dollars ($2,500)." Cal. Pen. Code § 632.7(a). Although Plaintiff does not specifically state the amount of total damages in her Complaint, the preponderance of evidence demonstrates that the amount in controversy in this case exceeds $75,000.00. Specifically, Plaintiff alleges "numerous independent" violations of California Penal Code §§ 631 and 632.7 (each violation is a fine of up to $2,500), Plaintiff seeks injunctive relief, punitive damages and attorneys' fees. *See* Ex. 1 at ¶¶ 23, 29, 37, and Prayer for Relief at ¶¶ 3, 4.

22. Recent court orders and judgements in cases alleging the very same claims for violations of California Penal Code §§ 631 and 632.7, show that attorneys' fees alone can range from $100,000.00 to over $471,000.00. *See* Request for Judicial Notice, ¶¶ 1-5 & Exhibits 1-4. As such, the attorneys' fees alone in this case are likely to exceed the $75,000 threshold. *See Brady*, 243 F. Supp. at 1011 (N.D. Cal. 2002) ([t]he amount in controversy also includes reasonable estimates of attorney's fees); *Guglielmino,* 506 F.3d at 700 (same); *Galt G/S*, 142 F.3d at 1156 (same).

23. Based on the above, there is a preponderance of evidence demonstrating the amount in controversy for this matter exceeds $75,000.00.

**III.   VENUE**

24. Venue properly lies in the United States District Court for the Central District of California because Plaintiff filed the state court action in this judicial district and division. *See* 28 U.S.C. §§ 1441, 1446.

**IV.   NOTICE**

25. Fathead will give notice of the filing of this Notice of Removal to all

**NOTICE OF REMOVAL**

parties of record. Fathead will also file with the clerk of the state court and will serve upon Plaintiff a notice of the filing of this Notice of Removal.

## V. STATE COURT PLEADINGS

26. Copies of all state court pleadings and orders are attached to this Notice of Removal. Fathead attaches and incorporates by reference true and correct copies of all pleadings and other documents that were previously filed with the state court:

Exhibit 1 – Complaint;

Exhibit 2 – Summons (Complaint);

Exhibit 3 – Service of Process Transmittal Summary.

## VI. PRAYER

WHEREFORE, pursuant to 28 U.S.C. §§1332, 1441, and 1446, Fathead files this Notice of Removal with the United States District Court for the Central District of California seeking to remove this action from the Superior Court of the State of California, in and for the County of Los Angeles.

Respectfully submitted,

Dated: March 16, 2023

GORDON REES SCULLY MANSUKHANI, LLP

By: */s/ Craig J. Mariam*
　　Craig J. Mariam
　　Elena A. Kuzminova
　　Attorneys for Defendant
　　FATHEAD, LLC

**Gordon & Rees LLP**
633 W 5th St 52nd Floor
Los Angeles, CA 90071

1292115/74949717v.1

-7-
**NOTICE OF REMOVAL**